# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3141 | DATE | 8/9/2004 |
| CASE TITLE | Covington vs. Foreman, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss [27-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached order, defendants' motion to dismiss Sgt. Deans in his individual and official capacities and Sheriff Sheahan in his individual capacity [27-1] is granted. The parties are ordered to appear before the court at 9:30 a.m. on Wednesday, September 8, for a status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | AUG 18 2004 date docketed | 33 |
| ✓ | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 2004 AUG 17 AM 11:13 | date mailed notice | |
| RJ/KB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOC[...]

AUG 18 2004

CHRISTOPHER RILEY, SR., a/k/a )
CHRISTOPHER COVINGTON, )
)
Plaintiff, )   Case no. 03 C 3141
v. )
)   Honorable Joan B. Gottschall
MICHAEL J. SHEAHAN, individually )
and in his official capacity as Cook County )
Sheriff, C/O FOREMAN, Star No. 4245, )
individually and in his official capacity, )
SGT. DEANS, Star No. 1028, individually )
and in his official capacity, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

In his Second Amended Complaint, plaintiff Christopher Covington charges defendants Sheriff Michael Sheahan, Correctional Officer Foreman, and Sergeant Deans in their official and individual capacities with violating his rights under the Eighth and Fourteenth Amendments. *See* 42 U.S.C. § 1983. Covington also seeks to recover damages from Foreman under state law for battery and intentional infliction of emotional distress. Before the court is defendant Deans's motion to dismiss the claims against him in both his official and individual capacities and defendant Sheahan's motion to dismiss the claim against him in his individual capacity. *See* FED. R. CIV. P. 12(b)(6).[1] For the reasons that

---

[1] Defendants' motion is brought by defendant Foreman, as well as by defendants Deans and Sheahan. The motion asserts no basis for dismissing Foreman.

1



follow, the motion is granted.

## I. BACKGROUND

In January 2003, Covington was a pretrial detainee at the Cook County Department of Corrections ("Cook County Jail"), where Foreman was a Correctional Officer, Deans was a Sergeant, and Sheahan was the Cook County Sheriff. Covington alleges that on January 5, 2003, in preparation for taking a shower, he put on a shower cap and shower shoes. Around the same time, Officer Foreman called Covington into the foyer area of the jail and asked him in a "hostile, intimidating, and aggressive manner" why he was wearing a shower cap and shower shoes. Covington replied that he was about to take a shower. Officer Foreman then allegedly confiscated Covington's shower cap and verbally berated him. Covington immediately requested that he be permitted to speak to a "white shirt" – a higher-ranking corrections officer – about the confiscation of his shower cap.

Foreman responded to Covington's request by ordering him to walk from the foyer into the hallway. As Covington walked into the hallway and past Foreman, Foreman allegedly struck him on the back of the head "without warning and without provocation" and "with tremendous, unjustified and unreasonable force." Covington claims that the blow was so forceful that he suffered overwhelming and semi-permanent physical pain and temporarily lost control of his bladder. Immediately after the blow, which was witnessed by several Cook County Jail inmates, Foreman asked Covington in a threatening manner "Do you want to fight?".

Covington alleges that Foreman's unprovoked attack was not immediately

2

memorialized in writing. Instead, it was only after Foreman met with Sergeant Deans to discuss the matter that Deans directed Foreman to prepare an incident report. Covington claims that although Sergeant Deans and Sheriff Sheahan were not directly involved in the attack, they nevertheless "knew of the misconduct and facilitated it, approved it, condoned it or turned a blind eye to" it. He further alleges that the abuse he suffered while a pre-trial detainee at Cook County Jail was the result of a municipal policy or custom allowing officers to commit unprovoked attacks on pretrial detainees.

## II. DISCUSSION

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court accepts as true all well-pleaded facts in plaintiff's complaint and draws all inferences from the complaint in plaintiff's favor. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, the court "will not strain to find inferences favorable to the plaintiff which are not apparent on the face of this ... complaint." *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977).

### A. Sergeant Deans

Covington attempts to hold Deans liable in both his official and individual capacities for violating his Eighth and Fourteenth Amendment rights. A plaintiff states a claim against an officer in his individual capacity under § 1983 if he alleges that the defendant "was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In this case, Covington admits that Deans was not directly involved in Foreman's attack, but claims that Deans ordered Foreman to write

3

an incident report after discussing the incident with him. According to Covington, Deans may be held individually liable under § 1983 because he allegedly directed Foreman to prepare the incident report without affording Covington due process. Even under liberal federal pleading standards, this allegation is insufficient to hold Deans individually responsible for a violation of Covington's constitutional right to due process. While Covington asserts that Deans violated his due process rights by instructing Foreman to write an "incident report" after the alleged attack, that allegation does not assert a constitutional deprivation. Plaintiff does not assert that Deans was involved in the battery. Nor does he allege that the incident report which Deans instructed Foreman to write was false. Nor does he allege that, assuming Foreman's incident report was false, Deans instructed Foreman to write a false report or even knew Foreman was writing a false report. While the court guesses that plaintiff intended to make one or all of these allegations of improper conduct against Deans, he has not done so.[2]

Nor does plaintiff allege that he suffered any injury on account of Deans' alleged conduct. While Covington argues that the court may infer from this allegation that Dean ordered Foreman to write an incident report that Deans was attempting to impose unjustified punishment on plaintiff, plaintiff has not alleged that Deans' actions resulted

---

[2] Plaintiff states in his brief that "Plaintiff's Complaint states that both defendants Foreman and Deans acted in concert to write plaintiff up for violations . . . ." Without suggesting whether or not a complaint so alleging would be sufficient, the court notes that plaintiff's Complaint makes no such allegation. Nor does plaintiff suggest how making a charge against plaintiff (that is, by writing an incident report) amounts to punishment without due process. Presumably, whatever process is due plaintiff is due only after he is charged with some violation.

in any punishment being imposed upon him. In order to plead that his constitutional rights were violated, Covington must allege that the actions of the defendant officers in fact resulted in his being punished without adequate process. *See Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. IN 2003) (stating that pre-trial detainee's claim for violation of due process after being found guilty of an offense without notice of the charge should be dismissed if he was never punished based on that finding). Covington alleges neither that a disciplinary report was written nor that disciplinary action was taken. Absent any allegation that Deans's instructions to Foreman to write an incident report after the attack caused any harm to plaintiff, plaintiff has not alleged a constitutional deprivation.

While the requirements to Rule 8 are not stringent, the court's review of plaintiff's complaint leaves it with no idea of the basis on which he seeks to hold Deans liable. A short, plain statement of the claim minimally requires notice to each party of what wrong he or she is charged with committing. This complaint, as to Deans, fails this modest requirement. Deans' motion to dismiss the individual capacity claim against him is granted.

Nor can Covington's official capacity claim against Deans stand. Claims against a public official in his official capacity are equivalent to claims against the governmental authority of which the official is an agent. *See Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir. 1992). To the extent that Covington has a claim against the governmental entity which makes policy for the jail, he is asserting that claim against Sheriff Sheahan. An official capacity claim against a jail sergeant, even if it made any sense (there is no

allegation and no reasonable likelihood that Deans is any kind of a policymaker whose actions are the actions of the county), would be redundant. The official capacity claim against Deans is therefore also dismissed.

### B. *Sheriff Sheahan in his Individual Capacity*

Covington asserts that Sheriff Sheahan is personally liable for the deprivation of his constitutional rights. As noted above, to state a claim against a government official in his individual capacity a plaintiff must allege that the defendant "was personally responsible for the deprivation of a constitutional right." *Gentry*, 65 F.3d at 561. Here, there are no allegations in Covington's complaint suggesting that Sheahan was personally involved in the alleged deprivation of his constitutional rights. Covington alleges that Foreman attacked and threatened him and Deans instructed Foreman to write an incident report. The court cannot infer from these allegations that Sheahan was individually involved in or in any way responsible for depriving Covington of his constitutional rights. *See Coates,* 559 F.2d at 447.

## III. Conclusion

The motion to dismiss is granted. The claiims against Sergeant Deans in his individual and official capacities are dismissed. The claims against Sheriff Sheahan in his individual capacity are dismissed.

ENTER:

_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 9, 2004